UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00319-20 |
| | CIVIL ACTION NO. 16-1567 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DAVID LINDSAY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Petitioner David Lindsay's ("Lindsay") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 882). The Government filed a response to Lindsay's motion on December 6, 2016. See Record Document 893. For the reasons contained in the instant Memorandum Ruling, Lindsay's § 2255 Motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2011, the defendant was charged in a Fourth Superseding Indictment with one count of engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (Count 1); one count of conspiracy to advertise the distribution of child pornography, in violation of 18 U.S.C. §§ 2251(d)(1) and (e) (Count 2); one count of conspiracy to distribute child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) (Count 3); and one count of forfeiture, pursuant to 18 U.S.C. § 2253(a)(3) (Count 5). See Record Document 506. On February 16, 2012, Lindsay pleaded guilty to Count 1. See Record Document 642. The factual stipulation offered in connection with Lindsay's guilty plea reflects he participated in Dreamboard, an Internet-based, members-only bulletin board designed to facilitate the distribution of child pornography amongst its members. See Record Document 644-2 at 1. While a member of Dreamboard, Lindsay

1

made 425 posts to the Internet bulletin board. See id. at 4. He was classified as a "Super VIP" member, which was the third highest membership category (out of six total categories). See id.

On August 1, 2012, Lindsay was sentenced to 262 months imprisonment, the low end of the advisory range. See Record Document 725. Judgment was entered on August 8, 2012. See Record Document 727. Lindsay did not file a direct appeal, nor did he file a petition for a writ of certiorari. On September 26, 2016, Lindsay filed a "Petition for Extension in Filing 2255," in which he sought an extension of time in which to file a "2255 for a Minor Role Reduction under the recently amended [U.S.S.G.] 3B1.2 . . . ." See Record Document 876. The court denied that motion on the ground that "[t]he deadline to a file a 2255 motion is set by statute and cannot be extended by motion." Record Document 878.

On October 24, 2016, Lindsay filed this motion. See Record Document 882. The certificate of service on that motion is dated October 19, 2016, and the envelope in which it was sent is postmarked October 20, 2016. See id. On November 3, 2016, Lindsay filed a "supplemental" § 2255 motion. See Record Document 888. Though different in form from Lindsay's initial filing, it is substantively the same. The government filed its response in opposition to Lindsay's § 2255 motion on December 6, 2016. See Record Document 893.

**LAW AND ANALYSIS**

Lindsay seeks relief on three grounds: (1) that he is entitled to retroactive application of Amendment 794 to the U.S. Sentencing Guidelines, which clarifies the circumstances under which the "mitigating role" reductions in U.S.S.G. § 3B1.2 apply

2

("Ground One claim"); (2) that his sentence is disproportionately severe compared to sentences imposed on defendants prosecuted after him in other jurisdictions ("Ground Two claim"); and (3) that he was improperly denied an extra one-point reduction for acceptance of responsibility ("Ground Three claim"). See Record Document 882. He requests this Court "bring his sentence in accordance with others" and award him "any point reduction or other relief the court deems appropriate." Id. As to all three arguments, Lindsay's motion is time-barred. Even if Lindsay's Ground One claim is construed as a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), his claim is not cognizable.

I. **Lindsay's Motion Construed as a Motion under 28 U.S.C. § 2255**

i. **Lindsay's § 2255 Motion is Time-Barred**

If Lindsay's motion is construed as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, it is time-barred. Motions filed under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Lindsay asserts the commencement of the one-year statute of limitation in this case is governed by § 2255(f)(4), because "Amendment 794 is a clarification on the

definition of 'Mitigating Role' and thus retroactive." Record Document 882 at 1. Construing Lindsay's argument liberally, neither § 2255(f)(3) nor § 2255(f)(4) apply. Lindsay asserts Amendment 794 is retroactive, but his claim is not based on a right newly recognized by the Supreme Court under § 2255(f)(3). Further, the facts supporting his claim arose when he was sentenced; therefore, § 2255(f)(4) does not apply.[1] See Perez-Rodriguez v. United States, 2016 WL 5875027, at *1 (N.D. Tex. 2016), report and recommendation adopted, 2016 WL 5871359 (N.D. Tex. 2016).

Lindsay's judgment of conviction was entered on August 8, 2012. See Record Document 727. His time for filing a notice of direct appeal expired fourteen days later, on August 22, 2012. See Fed. R. App. P. 4(b)(1)(A). Lindsay's one-year period for filing his instant § 2255 motion ended a year after that, August 22, 2013. See 28 U.S.C. 2255(f). Lindsay filed the instant § 2255 motion no earlier than October 19, 2016 (the date on his certificate of service), more than three years too late. See Record Document 882. Therefore, Lindsay's § 2255 claims are untimely.

"[T]he statute of limitations in § 2255 may be equitably tolled in rare and exceptional circumstances." United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting

---

[1] The Court does not accept Lindsay's argument that § 2255(f)(4) applies to changes in law. Lindsay cites no legal authority in support of his argument and a plain, literal reading of the provision states otherwise. Cases applying § 2255(f)(4) do so on the basis of newly discovered facts, not changes in the law. See Johnson v. United States, 544 U.S. 295, 302, 125 S.Ct. 1571, 1577 (2005); United States v. Scruggs, 691 F.3d 660, 670-71 (5th Cir. 2012).

his rights." See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996). Generally speaking, a change in the law does not justify equitable tolling. See Gonzalez v. Crosby, 545 U.S. 524, 536, 125 S.Ct. 2641, 2650 (2005). The movant bears the burden to show entitlement to equitable tolling. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000). However, Lindsay does not invoke equitable tolling principles to excuse his late filing, and instead asserts his motion is timely under § 2255(f)(4). Therefore, Lindsay's claims are not preserved and his motion is time-barred.

## II. Lindsay's Ground One Claim Construed as a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2)

Lindsay filed a *pro se* motion under 28 U.S.C. § 2255; however, the Fifth Circuit has recognized the nature of the relief sought in a *pro se* prisoner's pleading, rather than its label, controls how the pleading should be characterized. See United States v. Santora, 711 F.2d 41, 42 n. 1 (5th Cir. 1983). Although § 2255 provides the primary means of collaterally attacking a federal conviction, in light of the relief sought, the Court could construe Lindsay's Ground One claim as a motion under 18 U.S.C. § 3582(c)(2). See United States v. Jefferson, 464 Fed.Appx. 191, 193 (5th Cir. 2010) ("Jefferson correctly argues that the district court erred when it treated his § 3582 motion as a § 2255 motion. Jefferson's pleadings alleged that he was entitled to a modification of his sentence as a result of retroactive amendments to certain sentence guidelines that lowered his applicable sentencing guidelines range"). Therefore, the Court finds it appropriate to analyze Lindsay's Ground One claim under § 3582(c)(2).

Section 3582(c)(2) states that a court may not modify a sentence once imposed except that–

>    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commissioner pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

Section 3582(c)(2) is a "narrow exception to the rule of finality" in a criminal case. Dillon v. United States, 560 U.S. 817, 827, 130 S.Ct. 2683 (2010). Section 3582(c)(2) applies only to retroactive guideline amendments that are listed in U.S.S.G. § 1B1.10. See id. at 826; United States v. Guerrero, 691 Fed.Appx. 179, 180 (5th Cir. 2017). Amendment 794 is not listed in § 1B1.10. See U.S.S.G. § 1B1.10(d) (listing the retroactively applicable amendments). Therefore, Amendment 794 is not retroactively applicable, and a reduction under § 3582(c)(2) is not authorized. See Guerrero, 691 Fed.Appx. at 180. Accordingly, Lindsay's Ground One claim, even if construed as a motion for sentence reduction under 19 U.S.C. § 3582(c)(2), lacks any merit.

## CONCLUSION

Based on the foregoing, the Court finds that Lindsay's claim fails because his § 2255 motion is untimely. Even if the Court were to construe Lindsay's Ground One claim as a motion for sentence reduction under §3582(c)(2), Amendment 794 is not retroactively applicable. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 882) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this the 22nd day of December, 2017.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT